USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2435 LUIS GUILLERMO SANTIAGO-MARTINEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Luis Guillermo Santiago-Martinez on brief pro se. ________________________________ Lincoln C. Almond, United States Attorney, Margaret E. Curran and _________________ __________________ James H. Leavey, Assistant United States Attorneys, on brief for ________________ appellee. ____________________ June 8, 1993 ____________________ Per Curiam. Appellant Luis Guillermo Santiago- ___________ Martinez was convicted, after a jury trial, of possession with intent to distribute cocaine and conspiracy to distribute cocaine. He was sentenced to 97 months imprisonment and five years of supervised release. He did not pursue a direct appeal. Instead, he filed a motion, under 28 U.S.C. 2255, to set aside his conviction. He raised one ground for relief -- that his trial counsel provided ineffective assistance of counsel when he failed to object to part of the prosecutor's closing argument. I. _ The relevant facts, taken from the briefs of the parties, are these. On February 15, 1991, a paid informant for the Drug Enforcement Administration (DEA) arranged to purchase from Rodrigo Sostre, one of appellant's co- defendants, a kilogram of cocaine for $28,000. During one of their telephone conversations (which was recorded), Sostre told the informant that his "source" for the cocaine was about to arrive at his (Sostre's) apartment. A few minutes later, appellant drove up to the apartment building, went inside and came back out with Sostre. On February 19, 1991, the final arrangements for the drug transaction took place. During another recorded phone call, Sostre told the informant that he was on his way to meet his source to discuss where the deal would occur. -2- Shortly thereafter, Sostre was seen entering appellant's apartment building. Sostre then instructed the informant that the sale would take place at Sostre's apartment. After further negotiations at which the informant and his "business partner," Anthony Roberto, an undercover DEA agent, were present, it was agreed that Sostre would activate the informant's beeper when the cocaine arrived. During this time, a surveillance team observed Aguilino Jose Sanchez and Jose Hernandez (also co-defendants) drive up to appellant's building. Appellant got into the car with Sanchez and Hernandez; they then went to Sostre's apartment. A few minutes after their arrival, the informant's beeper sounded. When the informant and Roberto arrived at Sostre's apartment, Sanchez, Hernandez and appellant were already inside. When questioned by Roberto why three people were necessary, Sostre replied that that was the way he did business. The arrest ensued. Appellant testified at trial. He claimed that when Sostre visited him on the 19th, they arranged to meet later in the day. He denied having gotten into the car with Hernandez and Sanchez. Rather, he stated, he had walked to Sostre's apartment and had arrived at the same time as his co-defendants, whom he did not know. He averred that he was there, as arranged, to have a beer with Sostre. He therefore sat apart from the others while the drug transaction -3- occurred. He testified that he was unaware of the sale of cocaine, that he could not hear the conversation between his co-defendants, the informant and Roberto, and that he could not see the contents of the bag that contained the cocaine. II. __ To establish a successful claim of ineffective assistance of counsel, appellant must show that "the alleged deficiencies in professional performance assumed unconstitutional dimensions . . . ." Barrett v. United _______ ______ States, 965 F.2d 1184, 1193 (1st Cir. 1992). The benchmark ______ is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland __________ v. Washington, 466 U.S. 668, 686 (1984). Under Strickland, __________ __________ there is a two-pronged test for determining whether an attorney's conduct was so defective as to require reversal of a conviction. A defendant must demonstrate that counsel's conduct fell below "an objective standard of reasonableness" and that he was prejudiced in the sense that "but for counsel's errors, the result below would have been different." See Murchu v. United States, 926 F.2d 50, 58 ___ ______ _____________ (1st Cir.) (per curiam), cert. denied, 112 S. Ct. 99 (1991). ____________ Further, "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably -4- effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st ______________ _______ Cir.1991), cert. denied, 112 S. Ct. 986 (1992). The range of ____________ acceptable assistance is broad so that counsel is not unduly restricted in making strategic and tactical decisions. Id. ___ at 310. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. __________ Turning to the merits of appellant's claims, he contends that counsel's performance fell below the Strickland __________ standard on the ground that counsel failed to object to the following comments made by the prosecutor in his closing argument: Now, one Defendant took the stand. Mr. Martinez took the stand and he gave you what he says happened. How do you judge whether or not a person is telling the truth? You do that every day. The politician who says, "I'm going to improve police protection. I'm going to improve the schools. There's going to be better fire service and I'm going to lower your taxes." You say okay, but that person has a motive, a motive to lie. Who has a motive to lie in this case? I would suggest to you that it's the Defendant, Mr. Santiago-Martinez. "[I]t is, of course, elementary that statements of counsel as to personal belief or opinion are improper." United States v. Cain, 544 F.2d 1113, 1116 (1st Cir. 1976). _____________ ____ Thus, a prosecutor may not include in closing arguments his or her own opinions about what conclusions should be drawn from the evidence. United States v. Cresta, 825 F.2d 538, ______________ ______ -5- 555 (1st Cir. 1987), cert. denied, 486 U.S. 1042 (1988). The ____________ concerns behind this rule are that a prosecutor's expression of opinion might imply that the prosecutor has knowledge of information that is not before the jury and that such expression puts in issue the credibility of counsel, with the government having the advantage. Id. ___ However, there is nothing improper in a suggestion by the prosecutor which inferences the jury should draw from the evidence. United States v. Smith, 982 F.2d 681, 683 (1st _____________ _____ Cir. 1993); United States v. Mount, 896 F.2d 612, 625 (1st _____________ _____ Cir. 1990). Similarly, a prosecutor has the right to comment on the plausibility of the theory posed by the defense. Smith, 982 F.2d at 683; United States v. Garcia, 818 F.2d _____ _____________ ______ 136, 143 (1st Cir. 1987); United States v. Glantz, 810 F.2d _____________ ______ 316, 321 (1st Cir.), cert. denied, 482 U.S. 929 (1987). This ____________ right includes, in appropriate circumstances, commentary on the "motivations and biases of the defense witnesses, ___________ ______ including [the defendant]." Smith, 982 F.2d at 683 (emphasis _________________________ _____ added). Here, appellant took the stand and testified to facts that were in contradiction to those proffered by the government's witnesses. As such, his credibility was a central issue, leaving the jury with the basic decision concerning which of two different stories to believe. In these circumstances, a reference by the prosecutor to the -6- veracity of a defendant is proper so long as there is no suggestion of the prosecutor's personal opinion. See e.g., ___ ____ Garcia, 818 F.2d at 143 (where "defense theory . . . rested ______ substantially on pitting [defendant's] credibility against that of the testifying police officers," prosecutor's comment that "if you believe that story, you believe in Santa Claus" not improper); United States v. Molina, 934 F.2d 1440, 1445 _____________ ______ (9th Cir. 1991) (comments of prosecutor that someone is lying and that the one who lied is the one who is guilty -- referring to defendant -- are within "reasonable latitude" where case is one that "essentially reduces to which of two conflicting stories is true"). Appellant argues that the prosecutor in this case improperly bolstered the believability of the government's witnesses while at the same time urging the jury to determine appellant's credibility based on his interest in the outcome of the trial and his motivation to lie. He urges us to find that the prosecutor's remarks amounted to "plain error" and, as such, "undermine[d] the fundamental fairness of the trial and contribute[d] to a miscarriage of justice." See United ___ ______ States v. Young, 470 U.S. 1, 16 (1985); Garcia, 818 F.2d at ______ _____ ______ 143 (absent timely objection, review is conducted under "plain error" standard). Appellant likens his case to Cresta. In Cresta, ______ ______ the prosecutor made the following contested comment: "`I -7- suggest Mr. Trundy [government witness] is believable. . . .'" 825 F.2d at 555. We characterized this as "personal vouching" and found the comment to be improper. Id. at 556. ___ We nonetheless determined that the offending remark did not substantially prejudice the defendant. Id. at 556-57. In so ___ doing, we viewed the comment in light of all of the circumstances. In addition to the length of the trial, the length of closing arguments and the development of the issue of credibility of the government's witnesses, "there was the key factor of the substantial evidence of appellants' guilt." Id. at 556. ___ Appellant argues that this "key factor" is missing in his case because all of the evidence connecting him to the crime was circumstantial. Moreover, he claims, defense counsel did not "open the door" to the prosecutor's comments by first attacking the credibility of the government's witnesses. See Garcia, 818 F.2d at 143 (where defense ___ ______ counsel suggested in closing that testifying police officers had lied, prosecutor, on rebuttal, did not substantially prejudice defendant's case by assailing the truthfulness of defendant's version of the facts). Appellant misunderstands the nature of our inquiry in this case. We are not reviewing the prosecutor's comment to see whether it constituted plain error. Rather, we are deciding whether appellant's counsel provided ineffective -8- assistance to appellant by failing to object to the comment. _________________ This issue turns on whether counsel's conduct "fell below an objective standard of reasonableness." Murchu, 926 F.2d at ______ 58. Thus, considerations such as whether the comment was made on rebuttal and whether the evidence against appellant was substantial are only part of the equation. The cases discussed above persuade us that in these circumstances, counsel's behavior was well within the wide range of acceptable assistance. The decision whether to object during a closing argument is plainly a tactical choice. For instance, counsel may not have wanted to risk drawing attention to the conflicting stories. Further, when credibility is placed in issue by a defendant's choice to take the stand and present his side of the story, as here, the law in our circuit permits a prosecutor to comment on the motivation of the defendant. See Smith, 982 F.2d at 683. ___ _____ Given the range and type of prosecutorial argument we have allowed in such a situation, see, e.g., id. (comment ___ ____ ___ that witness and defendant had "concocted" their story proper as it suggested inferences jury could draw from conflicting evidence) and Garcia, 818 F.2d at 143-44 & n.7 (statement ______ that defendant "is lying," though not to be encouraged, is proper "commentary on the implausibility of the defendant's story"), we cannot say that counsel's conduct was constitutionally deficient. Indeed, counsel's decision not -9- to object is supported by these cases. This is not a situation, as appellant suggests, where the prosecutor, in closing, made a deliberate misrepresentation as to what the evidence showed. See United States v. Santana-Camacho, 833 ___ _____________ _______________ F.2d 371, 373 (1st Cir. 1987) (where comment that defendant had illegally entered country unsupported in record and contrary to only evidence on the issue, plain error existed). For the foregoing reasons, the judgment of the district court is affirmed. ________ -10-